UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES SLATER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-0728 (RBW) |
| ) | |
| UNITED STATES PAROLE ) | |
| COMMISSION, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM

By Order of August 25, 2005, petitioner was advised to respond to respondent's opposition to his petition for a writ of *habeas corpus* by September 27, 2005. He was further advised that if he did not respond within the time provided, the Court would treat respondent's assertions as conceded and dismiss the case. Petitioner has neither responded to the opposition nor sought additional time to do so. In any event, respondent asserts correctly that the relief sought, *i.e.*, the restoration of street-time credit rescinded upon petitioner's parole revocation, is not available. It is well established that District of Columbia prisoners have neither a constitutional nor a statutory right to the restoration of street-time credit once their parole is revoked. *See Jones v. Bureau of Prisons,* 2002 WL 31189792, *1 (D.C. Cir. 2002) (denying certificate of appealability) (citing *Davis v. Moore*, 772 A.2d 204, 214-15 (D.C. 2001); *United States Parole Commission v. Noble*, 693 A.2d 1084, 1085 (D.C. 1997), *aff'd on reh'g*, 711 A.2d 85 (1998) (en banc)). To the contrary, District of Columbia law requires the rescission of

street-time credit under such circumstances.  D.C. Code § 24-406(a); *see Noble*, 693 A.2d at 1094-1104 (interpreting § 24-206(a) on certification of question from the District of Columbia Circuit).[1]

        _____s/_____
        Reggie B. Walton
        United States District Judge

Dated: November 2, 2005

---

[1] A separate order of dismissal accompanies this Memorandum.